## TOWN COUNCIL OF HUDSON v. BOARD OF COMMISSIONERS FREMONT COUNTY

(No. 1373; October 17, 1927; 259 Pac. 1051)

MUNICIPAL CORPORATIONS—ORDINANCES—WATER CHARGES.

1. Under Comp. St. 1920, § 1754, par. 4, giving town council power to make certain special assessments, and section 2182, par. 3, giving incorporated city or town power to establish ditches, etc., for irrigating purposes, city council has no power to pass ordinance taxing each lot 25 cents, regardless of its value, for purpose of furnishing water for irrigation.

*See Headnote: (1) 28 Cyc. p. 1115 n. 42; p. 1157 n. 78.

ERROR to District Court, Fremont County; BRYANT S. CROMER, Judge.

Action by the Town Council of Hudson for mandamus to be directed to the Board of County Commissioners of Fremont County. An order of mandamus was vacated, and plaintiff brings error.

*E. H. Fourt,* of Lander, for plaintiff in error.

The action is for damages, claimed for overflow of water upon plaintiff's land. The petition failed to state a cause of action. The facts are similar to those in Ladd v. Redle, 12 Wyo. 362, 75 Pac. 691. The work done by the town was for the benefit of plaintiff as well as for defendant.

It is only by hazardous experiment, by imperfect construction of a dam or canal, or negligent maintenance, that the owner is liable. Howell v. Big Horn Colonization Co., 81 Pac. 785; McDaniel v. Cummings, 23 Pac. 795; Grey v. McWilliams, 32 Pac. (Calif.) 976. Defendant had a right to protect his land from the overflowing waters. Sanguinetti v. Pock, 69 Pac. 98. Defendant had a right to drain surface water from its land into the stream. Waffle v. New York Central Ry. Co., 53 N. Y. 11. The channel of the stream was not changed from its course. McCormick v. Horan, 81 N. Y. 86. The rule of *damnum absque injuria* applies. Hughes v. Anderson, (Ala.) 44 Am. Rep. 147; Peck v. Harrington, 109 Ill. 611; Canfield v. Andrews, 54 Vermont 1; Clinton v. Myers, 46 N. Y. 511. One may change the course of a stream flowing through his land and return the water unpolluted before it leaves his premises. State v. Barker, 108 Pac. 352; Tolle v. Correth, 31 Tex. 352; Ry. Co. v. Carr, 370 Oh. St. 448; Atchison Ry. Co. v. Hammer, 22 Kans. 333; Mo. Pac. Ry. Co. v. Renfro, 34 Pac. 802; 9 R. C. L. p. 685; Hill v. Boston, 122 Mass. 369; Dillon Municipal Corp. (5th Ed.) 1643. In the performance of duties as a substitute for the State, a City is immune from damages, but where it acts as a substitute for business corporations, the rule of liability applied to business corporations is effective. Ramirez v. Cheyenne, (Wyo.) 241 Pac. 710.

*G. J. Christie,* for defendant in error.

Section 2787 C. S. provides for the levy of taxes. There is no provision for the recall of an assessment roll and tax list after its completion. The custodian of the record should have been made a party. 18 R. C. L. 117. All taxable property must be listed and valued each year for taxation. Art. XV, Secs. 1 and 2 Const.; Sec. 2769 C. S.; 18 R. C. L. 117-119. Mandamus will not direct the doing of an impossible act. 47 Am. Rep. 553. Taxes are to be

levied on the first Monday in September, 2787 C. S., L. 1923 p. 91.

Before KIMBALL, Justice, METZ and RINER, District Judges.

METZ, District Judge.

This is an action in mandamus growing out of an attempt to levy a tax of twenty-five (25) cents a lot on each and every lot in the Town of Hudson, for the purpose of furnishing water for irrigation of lands within the town.

Subsequent to the filing of the petition, a hearing was had thereon, and an order was duly issued by the District Court of Fremont County directing the Board of County Commissioners to levy the tax.

The Board of County Commissioners neglected and failed to comply with the order of the court and at a subsequent date, on due notice, a hearing was had, upon the application and motion of the county attorney for an order vacating and setting aside the writ of mandamus theretofore issued. The court, upon hearing, vacated the order of mandamus and the case is here on error.

There are a number of legal questions raised in the briefs and in the petition in error which we do not deem necessary to pass upon at this time, and are of the opinion that the real question in the suit is the question of the legality of the City ordinance levying this alleged special assessment. Therefore, the question to be determined, in our minds, is, has a town council authority to impose a blanket tax of twenty-five cents on every lot in town, regardless of the value of the lot, for the purpose of maintaining ditches and laterals for irrigation purposes within said town?

The plaintiff contends that paragraph 4 of Section 1754, W. C. S. 1920, and paragraph 3, Section 2182 of said statutes, authorize the City Council to pass such an ordinance.

Section 1754 provides:

"The Town Council of any such town, in its corporate capacity, shall have the following powers: * * *

"Fourth. Special Assessments. To lay out, open, widen, extend, make, grade or otherwise improve the streets, alleys, sewers, sidewalks and crossings, and to keep them in repair and to vacate the same, and also to levy a special assessment on the lots and parcels of land fronting on such street or alley to pay the expenses of such sidewalks. * * *''

Section 2182 provides:

"In addition to the powers provided by law, each incorporated city or town in the State of Wyoming shall have power: * * *

"Third. To establish, construct, purchase, extend, maintain and regulate a system of ditches, aqueducts and reservoirs, for supplying water to its inhabitants, and to its streets, parks and public grounds for irrigating purposes."

It will be noted in the examination of paragraph 4 of Section 1754 that there is no provision for the levying of a blanket assessment for irrigation purposes, as contended for by counsel for the plaintiff. This section applies to streets, sewers and sidewalks.

In examining Section 2182, above mentioned, it will be seen that this section is in chapter 141, which provides for sewerage and irrigation bonds. And there is nothing in the chapter which could in any manner be construed as authorizing a town to pass an ordinance of the nature of the ordinance in question.

This chapter provides for the issuing of bonds, specifies the limitation of indebtedness, provides for the advertising of the sale of bonds and cancellation thereof; regulation of water rates, powers of condemnation, etc. As we do not find any provision in the statute authorizing a city council to pass such an ordinance and no other provision in the

statutes having been called to our attention by counsel, authorizing such an ordinance, we are of the opinion that the city was without authority to pass such an ordinance.

Dillon on Municipal Corporation, volume 4, Section 1377, reads as follows:

"It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, *unless the power be plainly and unmistakably conferred.* It has, indeed, often been said that it must be specifically granted in terms; but all courts agree that the authority must be given either in express words or by necessary or unmistakable implication, and that it cannot be collected by doubtful inferences from other powers, or powers relating to other subjects, nor can it be deduced from any consideration of convenience or advantage. * * * It is important to bear in mind that the authority to municipalities to impose burdens of any character upon persons or property is wholly statutory, and, as its exercise may result in a divestiture and transfer of property, it must be clearly given and strictly pursued." with note and citations thereunder.

Counsel for the defendant contends that the ordinance is unconstitutional, and it may be of interest to examine section 1, and 11 of Article XV of the Constitution, which provides as follows:

Section 1: "All lands and improvements thereon shall be listed for assessment, valued for taxation and assessed separately."

Section 11: "All property, except as in this constitution otherwise provided, shall be uniformly assessed for taxation, and the legislature shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal."

Also Section 2769 of the Wyoming Compiled Statutes 1920:

"All taxable property is to be listed and valued each year, and real property is to be assessed at its true value in money at private sale, having regard to its quality, locality, natural advantages, the general improvements in the vicinity, and all other elements of its value."

We do not feel called upon at this time to decide whether a law, if passed by the legislature authorizing such an assessment, would be constitutional, and it is not necessary in disposing of this case to go into the question of the constitutionality of such an ordinance if authorized by the legislature.

The ordinance being illegal, the plaintiff would not be entitled to a writ of mandamus, and the order of the district court vacating such writ of mandamus is affirmed.

*Affirmed.*

KIMBALL, Justice, and RINER, District Judge, concur.